**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERICA KINSMAN,<br><br>         Plaintiff,<br><br>v.<br><br>JAMEIS WINSTON,<br><br>         Defendant. | CASE NO. _____<br><br>Removed from the Circuit Court of the Ninth Judicial District in and for Orange County, Florida<br>Case No. 2015-CA-3449-O<br>Division 37 |

## NOTICE OF REMOVAL

Defendant Jameis Winston (hereinafter "Winston") files this Notice of Removal to remove the foregoing cause to the United States District Court for the Middle District of Florida, Orlando Division, and respectfully submits as follows:

### I.     STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a).

### II.     BASIS FOR DIVERSITY JURISDICTION

1.     Plaintiff Erica Kinsman ("Plaintiff") commenced this civil action in the Ninth Judicial District in and for Orange County, Florida styled *Erica Kinsman v. Jameis Winston*, Case No. 2015-CA-3449-O (April 16, 2015) (the "Action").  Attached hereto as **Exhibit A** is a true and correct copy of the complaint in the Action (the "Complaint").

2.     Mr. Winston was served with the Complaint on April 16, 2015.  Attached hereto as **Exhibit B** is a true and correct copy of an email from Mr. Winston's counsel Wm. David Cornwell, Sr. ("Cornwell") accepting service of the Complaint.  Therefore, the time for

removal did not begin to run until April 16, 2015.

3.     Mr. Winston seeks removal to the Middle District of Florida, the District in which the Action is now pending.  Mr. Winston will subsequently seek to transfer the case to the Northern of District of Florida and to consolidate the case with Plaintiff's related civil action against the Florida State University Board of Trustees, which was transferred from this Court to the Northern District of Florida on April 27, 2015 by the Honorable Gregory A. Presnell, District Judge.  A true and correct copy of Judge Presnell's Order transferring the case is attached hereto as **Exhibit C**.

4.     This Notice is filed within thirty (30) days of the date that Mr. Winston first received a copy of the Complaint and determined that the Action was removable.  Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

5.     Following the filing of this Notice with the Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

6.     Following the filing of this Notice with the Court, a true and accurate copy of the same will be filed with the Clerk of Court for the Ninth Judicial District In and For Orange County, Florida as required by law.

7.     Attached to this Notice as **Exhibit D** are true and correct copies of all process, pleadings, orders and other papers or exhibits of every kind on file with the state court and served on Mr. Winston, pursuant to 28 U.S.C. § 1446(a).  Plaintiff's counsel has also filed three *pro hac vice* applications that have not been served on Mr. Winston.  The undersigned will file copies of those applications with the Court as soon as they are obtained.

8.     This Court has removal jurisdiction of this Action under the provisions of Title

28 of the United States Code, § 1441(a).  This Court has original jurisdiction of this Action

under the provisions of Title 28 of the United States Code, § 1332(a)(1).

9.      There exists diversity of citizenship between the two parties.  Plaintiff alleges in

the Complaint that Plaintiff resides in Florida and that Mr. Winston resides in Alabama.  (*See*

Compl. ¶¶ 3-4.)

10.     The amount in controversy requirement is also satisfied.

11.     The Complaint is non-specific on the issue of damages, alleging only that the

amount of damages "exceeds $15,000.00, exclusive of interest, costs and attorneys' fees."

(*See* Compl. ¶ 2.)  When a plaintiff does not plead a specific amount of damages, a defendant

wishing to remove the complaint from state court must show by a preponderance of the

evidence that the amount in controversy exceeds $75,000.  *Rowe v. U.S. Bancorp*, 569 F.

App'x 701, 703 (11th Cir. 2014) (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th

Cir. 2001)).

12.     "To determine whether the amount in controversy is satisfied, 'the court may

consider facts alleged in the notice of removal, **judicial admissions made by the plaintiffs**,

**non-sworn letters submitted to the court**, or other summary judgment type evidence that

may reveal that the amount in controversy requirement is satisfied.'" *Rowe*, 569 F. App'x at

703 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010))

(emphasis added)..

13.     The Complaint asserts four causes of action: (i) sexual battery; (ii) assault; (iii)

false imprisonment; and (iv) intentional infliction of emotional distress.  (*See* Compl. ¶ 1.)

Plaintiff also asserts that she has suffered "injuries, damages, and losses – including, without

limitation, past and future physical injury, pain, and suffering; past and future emotional and mental distress, pain, and suffering; past and future harm to Plaintiff's education and its opportunities and benefits; impaired earnings capacity, past and future; and past and future losses of the enjoyment of life." (Compl. ¶¶ 51, 56, 63, 68.)

14.     Plaintiff's allegations in the Complaint, combined with the information and evidence attached to and discussed in this Notice, demonstrates that Plaintiff seeks damages well in excess of the jurisdictional limit of $75,000.

15.     First, Plaintiff refused to stipulate that the damages she seeks are less than $75,000. On April 24, 2015, Mr. Cornwell sent a letter to Plaintiff's counsel, attaching a Joint Stipulation for both parties whereby Plaintiff would stipulate that her damages are less than $75,000. A true and correct copy of the letter and attached stipulation is attached hereto as **Exhibit E**. In the letter accompanying the proposed Joint Stipulation, Mr. Cornwell advised Plaintiff's counsel that failure to execute the proposed Joint Stipulation would be construed as an admission that Plaintiff's damages exceeded $75,000. *See* Ex. E.

16.     On April 28, 2015, Plaintiff's counsel emailed Mr. Cornwell, stating that he would not sign the stipulation. A true and correct copy of Plaintiff's counsel's email response dated April 28, 2015 is attached hereto as **Exhibit F**. In that email, Plaintiff's counsel did not object to Mr. Cornwell's notice of how refusal to execute the proposed Joint Stipulation would be construed. Plaintiff's refusal to admit that her damages are less than $75,000 is an admission that the damages she seeks equal or exceed $75,000.

17.     Indeed, Plaintiff is seeking **millions of dollars of damages** from Mr. Winston. Prior to filing the Complaint, on or about January 14, 2014, on a telephone call, Plaintiff's

counsel Patricia Carroll, Esq., orally demanded the amount of Seven Million Dollars ($7,000,000) in order to settle Plaintiff's claims against Defendant. (*See* Declaration of Benjamin Levine, Esq. ("Levine Decl."), attached hereto as **Exhibit G**, at ¶ 4.) Ms. Carroll repeated the Seven Million Dollars ($7,000,000) demand on January 24, 2014, when she called Benjamin Levine, Esq., Mr. Winston's counsel, to request a counteroffer to her $7,000,000 demand and explained that if Mr. Winston paid off Plaintiff, "you will never hear from my client or me again, in the press or anywhere." (*See* Ex. G, Levine Decl. at ¶ 5.) Again, on February 10, 2014, Ms. Carroll reiterated Plaintiff's demand in person to Mr. Levine and Mr. Cornwell. (*See* Ex. G, Levine Decl. at ¶ 6.)

18. Contemporaneous communications from Mr. Levine confirm Plaintiff's demands. Attached hereto as **Exhibit H** are true and correct copies of communications and news articles that recount the foregoing facts and circumstances of Ms. Carroll's settlement offer. (*See* Ex. G, Levine Decl. at ¶ 7.) Ms. Carroll also requested that Mr. Winston obtain insurance to secure payment of her settlement demand to protect Plaintiff's interests in the event Mr. Winston was injured prior to becoming a professional football player. (*See* Ex. G, Levine Decl. at ¶ 8.) No counter offer was ever made, and Ms. Carroll's demand was rejected. (*See* Ex. G, Levine Decl. at ¶ 9.) Nonetheless, Ms. Carroll's demands establish that Plaintiff's damages exceed $75,000 and the Complaint is pled solely to mislead the Court and avoid removal.

19. The type and extent of damages sought by Plaintiff also demonstrate that, on its face, the Complaint seeks damages in an amount significantly higher than $75,000. Florida case law provides that a general allegation of damages of this type of scope and breadth can

support a finding that the amount in controversy exceeds $75,000 for removal purposes.  *See, e.g.*, *Diaz v. Big Lots Stores, Inc.*, No. 5:10-CV-319-OC-32JBT, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.") (citing *Roe v. Michelin N. Am.,* 613 F.3d 1058, 1062 (11th Cir. 2010)).   Here, Plaintiff has alleged that she has suffered and will suffer "injuries, damages, and losses – including, without limitation, past and future physical injury, pain, and suffering; past and future emotional and mental distress, pain, and suffering; past and future harm to Plaintiff's education and its opportunities and benefits; impaired earnings capacity, past and future; and past and future losses of the enjoyment of life."  (Compl. ¶¶ 51, 56, 63, 68.)  These allegations, when viewed with an eye to common sense and in conjunction with the other evidence cited in this Notice, reflect that Plaintiff seeks more than $75,000 in damages from Mr. Winston.

20.     Finally, Florida jury verdict searches, true and correct copies of which are attached hereto as **<u>Exhibit I</u>**, for similar injuries alleged here and caused by sexual assault, intentional infliction of emotional distress, or battery, demonstrate that the verdict awards generally greatly exceed the amount in controversy requirement of $75,000.00.  *See Jane Doe v. Silva Back, Inc.*, Case No. CACE 10038300, Broward County, 2013 ($500,000 for a sexual assault in a tattoo parlor); *Angelica Flecho v. The Avalon of Orange County Condominium Assoc'n, et al.*, Case No. 2008-CA-009095, Orange County, 2013 ($1,500,000 for sexual assault, emotional distress, and psychological injuries); and *Perez v. City of Miami*, Case No. 1:10-CV-21179-MCG, U.S. District Court for the Southern District of Florida ($550,000 for police officer sexual assault and false imprisonment).  The Court can consider jury verdicts for

similar causes of action in making a determination on whether the amount in controversy requirement has been satisfied.  *See, e.g., Mullaney v. Endogastric Solutions, Inc.*, No. 11-62056-CIV, 2011 WL 4975904, at *2 (S.D. Fla. Oct. 19, 2011) (finding that a review of jury verdicts or settlements in similar cases is appropriate in reviewing whether the amount in controversy requirement is satisfied).  Here, the jury verdicts attached hereto as Exhibit H demonstrate that the typical amount of damages awarded on causes of action similar to those alleged by Plaintiff routinely (and significantly) exceed $75,000.

21.    Accordingly, the amount of controversy requirement has been satisfied.

22.    To the extent the Court requires any additional information from Mr. Winston on any of the points raised above, by way of a declaration or otherwise, the undersigned will promptly provide it to the Court.

### III.    CONCLUSION

23.    Because there is complete diversity of citizenship between the actual and real parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, all applicable requirements have been met, and the Action is properly removed to this Court.

This 1st day of May, 2015.

Respectfully submitted,

*/s/John F. Meyers*
 John F. Meyers
 Florida Bar No. 0026566
 john.meyers@btlaw.com
 Wm. David Cornwell, Sr.
*Pro hac vice* application to be filed
 david.cornwell@btlaw.com
 BARNES & THORNBURG LLP
 3475 Piedmont Road, NE, Suite 1700

Atlanta, Georgia  30305-3327
Telephone:     404.846.1693
Facsimile:     404.264.4033

*Attorneys for Defendant Jameis Winston*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2015, I filed the foregoing with the Clerk of the Court. I

further certify that this day I mailed the foregoing document via first-class mail and electronic

mail to the following counsel:

David B. King                                           John Clune
Taylor F. Ford                                          Baine Kerr
King, Blackwell, Zehnder & Wermuth, PA                  Lauren E. Groth
PO Box 1631                                             Hutchinson Black and Cook, LLC
Orlando, FL 32802-1631                                  921 Walnut Street, Suite 200
dking@kbzwlaw.com                                       Boulder, CO 80302
                                                        clune@hbcboulder.com

Respectfully submitted,

*/s/John F. Meyers*
John F. Meyers
Florida Bar No. 0026566
john.meyers@btlaw.com
BARNES & THORNBURG LLP
3475 Piedmont Road, NE, Suite 1700
Atlanta, Georgia  30305-3327
Telephone:     404.846.1693
Facsimile:      404.264.4033

*Attorneys for Defendant Jameis Winston*