# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ERICA KINSMAN,<br><br>Plaintiff,<br><br>v.<br><br>JAMEIS WINSTON,<br><br>Defendant. | CASE NO. _____<br><br>Removed from the Circuit Court of the Ninth Judicial District in and for Orange County, Florida<br>Case No. 2015-CA-3449-O<br>Division 37 |

## DECLARATION OF BENJAMIN LEVINE, ESQ.

I, Benjamin Levine, declare as follows:

1. I am over eighteen (18) years of age. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. I submit this supplemental declaration in support of defendant Jameis Winston's removal to the U.S. District Court for the Middle District of Florida of the civil action in the Ninth Judicial District in and for Orange County, Florida styled *Erica Kinsman v. Jameis Winston*, Case No. 2015-CA-3449-O (April 16, 2015).

3. I am an attorney with Gordon Rees Scully Mansukhani LLP. I currently represent defendant Jameis Winston and have advised him and his family since approximately in or around January 2014.

4. On or about January 14, 2014, I spoke to Plaintiff's counsel Patricia Carroll, Esq. by telephone and she orally demanded the amount of Seven Million Dollars ($7,000,000) in order to settle Plaintiff's claims against Defendant.

5. Ms. Carroll repeated the Seven Million Dollars ($7,000,000) demand on January 24, 2014, when she called me to request a counteroffer to her $7,000,000 demand and explained that if Mr. Winston paid off Plaintiff, "you will never hear from my client or me again, in the press or anywhere."

6. Again, on February 10, 2014, Ms. Carroll reiterated Plaintiff's demand in person to me and to Wm. David Cornwell, Sr.

7. Contemporaneous communications from me confirm Plaintiff's demands. Attached to the Notice of Removal as **Exhibit H** is a true and correct copy of a letter dated October 9, 2014 from Mr. Cornwell to Ms. Carolyn A. Egan, Esq., General Counsel for Florida State University, which attaches news articles and communications and recounts the foregoing facts and circumstances of Ms. Carroll's settlement offer. The communications in Exhibit H were made at or near the time of occurrence of the matters set forth therein.

8. Ms. Carroll also requested that Mr. Winston obtain insurance to secure payment of her settlement demand to protect Plaintiff's interests in the event Mr. Winston was injured prior to becoming a professional football player.

9. No counter offer was ever made, and Ms. Carroll's demand was rejected.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on April 30, 2015.         Respectfully submitted,

                                    _____
                                    Benjamin Levine